IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BREANNE C., EDWARD C., DONNA C.,** | : | Civ. No. 1:08-1526 |
| **Plaintiffs** | : | |
| v. | : | |
| **SOUTHERN YORK COUNTY SCHOOL DISTRICT,** | : | (J. Rambo) |
| **Defendant** | : | |

# **M E M O R A N D U M**

Plaintiffs bring this case pursuant to the Individuals with Disabilities Education Act ("IDEA"), 42 U.S.C. § 1400 *et seq.*,[1] and Section 504 of the Rehabilitation Act of 1974 ("RA") alleging that the Southern York School District ("the District") failed to provide and/or denied Plaintiff Breanne C.[2] ("Breanne" or "Plaintiffs") a free appropriate public education. (Doc. 13 at 1 of 28.) Before the court is Plaintiffs' Motion for Introduction of Additional Evidence. (Doc. 51.) Specifically, Plaintiffs seek to supplement the administrative record with an expert report by a school psychologist. The parties have briefed the issue, and it is ripe for disposition. For the reasons that follow, Plaintiffs' motion will be granted. Because the parties are intimately familiar with the facts and procedural history of this case, the court will not reiterate it here.

---

[1] As amended, 20 U.S.C. § 601 *et seq.*, now titled the Individuals with Disabilities Education Improvement Act of 2004.

[2] The other Plaintiffs in this case are Breanne's parents, Edward C. and Donna C. Breanne brings these claims individually and by and through her parents.

## I.     Legal Standard

"Whether evidence which was not proffered at [an] earlier hearing may be admitted in an IDEA judicial review proceeding, and if so, what type, is left to the discretion of the trial court."[3] *Antoine M. v. Chester Upland Sch. Dist.,* 420 F.Supp.2d 396, 402 (E.D. Pa. 2006) (*citing Susan N., et al. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir.1995)). In exercising this discretion, the court is charged with evaluating a party's proffered evidence, and it "must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative,

---

[3] The IDEA authorizes judicial review of administrative decisions. Under the IDEA:

> Any party aggrieved by the findings and decision made ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.
> . . .
>
> In any action brought under this paragraph, the court-
>   (i) shall receive the records of the administrative proceedings;
>   (ii) shall hear additional evidence at the request of a party; and
>   (iii) basing its decision on the preponderance of the evidence, shall grant such
>    relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(A),(C). Because this provision permits the reviewing court to hear additional evidence, courts do not use the "substantial evidence" standard usually applied when reviewing administrative decisions, but instead "must decide independently whether the requirements of the IDEA are met." *Susan N., et al. v. Wilson Sch. Dist.*, 70 F.3d 751, 757 (3d Cir.1995)(quoting *Murray v. Montrose County Sch. Dist.*, 51 F.3d 921, 927 (10th Cir.1995)).

The United States Supreme Court directs courts to give "due weight" to the factual findings of the hearing officer in IDEA cases. *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., et al. v. Rowley*, 458 U.S. 176, 206 (1982). The Third Circuit has interpreted the "due weight" requirement to mean courts should exercise a modified de novo review of the hearing officer's decision. *S.H. v. State-Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 269 (3d Cir. 2003). Thus, if a court hears additional evidence it is "free to accept or reject the agency findings depending on whether those findings are supported by the new expanded record and whether they are consistent with the requirements of the Act." *Id*. at 270 (quoting *Oberti v. Board of Education of the Borough of the Clementon Sch. Dist.*, 995 F.2d 1204, 1220 (3d Cir. 1993)).

and useful in determining whether Congress' goal has been reached for the child involved."[4] *Susan N.*, 70 F.3d at 760.

Although a court may not summarily exclude a party's proffered evidence before evaluating its content, *Susan N.*, 70 F.3d at 758, "neither may a court grant carte blanche to a party to introduce evidence that was not offered at the administrative hearing, and thus render the administrative proceedings a mere formality." *Antoine M.*, 420 F.Supp.2d. at 402 (citations omitted). Rendering the administrative proceeding a mere formality would thwart the notion of cooperative federalism enshrined by the IDEA. *Id.*

To negotiate this statutorily prescribed deference, a court must determine whether the party introducing the additional evidence has presented a sufficient justification for not proffering the evidence at the administrative hearing. *Susan N.*, 70 F.3d at 760 (citations omitted). The following is a non-exhaustive list of factors that a court may take into account when making this determination:

(A) The existence of a procedural bar which prevented the introduction of the proffered evidence below, such as a limitations period or a restriction on the number of witnesses. *See Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901-02 (7th Cir. 1996) (because party presented no evidence of procedural infirmities at the administrative level, district court did not abuse its discretion in prohibiting the introduction of additional evidence);

(B) Whether the evidence was deliberately withheld at the administrative level for strategic reasons. *See Roland M. v. Concord Sch. Comm.*,

---

[4] Congress' central goal in enacting the IDEA "was to ensure that each child with disabilities has access to a program that is tailored to his or her changing needs and designed to achieve educational progress." *Susan N,* 70 F.3d at 760.

910 F.2d 983, 998 (1st Cir. 1990) (district court should exclude evidence that party purposely chose not to present at the administrative level);

(C) Whether the introduction of the additional evidence at the district court level would be prejudicial to the other party, i.e., if the additional evidence would interfere with the adverse party's ability to rebut it; and,

(D) The potential impact on the administration of justice, i.e., does the party seek to introduce a new theory under which it will be entitled to relief. Courts have construed the word "additional" as used in the IDEA, § 1415, to mean "supplemental." *Susan N.*, 70 F.3d at 759 (citations omitted). In that regard, a party should not be permitted to introduce evidence unrelated to a legal theory presented at the prior hearing.

In sum, "a court's discretion in admitting additional evidence in an IDEA judicial review proceeding is bounded by the need to respect the statute's cooperative federalism on one hand, and the need to consider evidence that is relevant, cumulative, and useful on the other hand." *Antoine M.*, 420 F.Supp.2d at 403. Thus, a court should make "an individualized assessment of the offered evidence, and determine whether the party offering the evidence has a valid reason for not introducing it below." *Id.*

**II.** **Discussion**

In reviewing the proffer submitted by Plaintiffs, the court finds that Plaintiffs' proposed expert testimony will be useful to the court in determining whether Breanne has access to an educational program that is tailored to meet her changing needs, and designed to achieve educational progress. Plaintiffs' indicate that this report will opine on the appropriateness of awarding Breanne limited compensatory education—one to three hours per day—as opposed to an award of six

4

hours per day. This evidence is non-cumulative of the evidence submitted below, and is relevant to the court's determination of the issues presented. Furthermore, there is no indication that the evidence was intentionally withheld from the proceedings below, and there is no evidence that the expert opinion will enlarge the scope of issues presented to the administrative tribunals below. Moreover, the court will permit Defendant to submit its own expert report thereby mitigating any prejudice that it might face by the introduction of Plaintiffs' expert report.

        The court is mindful of Defendant's concerns that Plaintiffs' proposed expert report puts the proverbial cart before the horse in that it assumes an entitlement to compensatory education, and discusses compensatory damages, before the court rules on whether a free appropriate public education was denied. Defendant may rest assured that the court is not so easily swayed that it cannot set aside certain evidence while it determines the preliminary issues in the case. Most cases require the court to perform this informal bifurcation of issues. The court would rather assess this situation in its entirety than piecemeal. Accordingly, the court will require any expert report submitted to also opine on whether compensatory education is an appropriate remedy in this case, and then address the extent of the compensatory education required.[5]

---

[5] Again, the court is mindful of the fact that it must first determine whether a free appropriate public education was denied.

**III.     Conclusion**

In summary, the court finds that Plaintiffs have presented sufficient justification to introduce the proffered expert report that was not presented below. Defendant will also be permitted to file an expert report of its own. This evidence is non-cumulative, relevant, and will assist the court in its determination of whether Defendant has properly assessed Breanne's eligibility under the IDEA. An appropriate order will follow.

                                                       s/Sylvia H. Rambo
                                                       United States District Judge

Dated: February 26, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BREANNE C., EDWARD C.,** : Civ. No. 1:08-1526
**DONNA C.,** :
:
      **Plaintiffs** :
:
**v.** :
:
**SOUTHERN YORK COUNTY** : (J. Rambo)
**SCHOOL DISTRICT,** :
:
      **Defendant** :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Introduction of Additional Evidence, (Doc. 51) is **GRANTED**.

      **IT IS FURTHER ORDERED THAT** the following case management deadlines are set:

(1) Plaintiffs shall submit their expert report to counsel for Defendant by no later than March 15, 2010.

(2) Defendant shall submit its expert report to counsel for Plaintiff by no later than April 5, 2010.

(3) Any rebuttal reports shall be submitted to opposing counsel by no later than April 20, 2010.

(4) Plaintiffs' Motion for Judgment on the Supplemented Administrative Record **and** supporting brief shall be filed by no later than May 20, 2010, with the remainder of the briefing to follow the timing set forth in Local Rules 7.6 and 7.7.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: February 26, 2010.